**Debra WILLIAMS, etc., Plaintiff,**

v.

**Dana BAXTER, et al., Defendants.**

**No. CIV–2–81–28.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 19, 1981.

On Motion for Dismissal of Certain
Defendants May 22, 1981.

On Further Motion to Dismiss
June 9, 1981.

On Concession of Dismissal Aug. 25, 1981.

Stipulation of Dismissal April 5, 1982.

Jerry M. Siciliand, and Art Roberts, Jr., Knoxville, Tenn. and J. Randall Shelton, Morristown, Tenn., for petitioner.

Richard C. Jessee and John F. Dugger, Morristown, Tenn., for defendants.

## MEMORANDUM TO COUNSEL

NEESE, District Judge.

The plaintiff's decedent appears from this record in its entirety to have been a citizen who was killed by law-enforcement officers, acting under color of a Tennessee statute or an ordinance of one of its municipalities, by the use of an excessive and unreasonable amount of force. If this was indeed the situation and the individual defendants were in contact with such decedent in a dwelling to enforce the law, it would appear that they may have, " * * * under color of a statute * * *" or an " * * * ordinance * * *" of a municipality of a " * * * State subject[ed], or caus[ed] to be subjected * * " the decedent, a "citizen of the United States * * * to the deprivation of * * * *" a "right * * * secured by the Constitution * * *," Fourteenth Amendment, Due Process Clause, and " * * * be liable to * * *" the plaintiff " * * * in an action at law * * *." 42 U.S.C. § 1983; see *Campbell v. Buckles*, D.C.Tenn. (1977), 448 F.Supp. 288, 290[2].

The problem is: the plaintiff has not so stated amid redundant allegations of evidentiary matters and other surplusage. She has not specified the provision of the federal Constitution of which her decedent was deprived; she has not set-forth in her claim for relief " * * * a *short* and *plain* [emphases supplied] statement of the claim showing that [she] is entitled to relief * *," not even stating the ostensible reason the individual defendants were at 315 Algonquin Drive, Morristown, Tennessee, on July 6, 1980; she has not set-forth " * * * a short and plain statement of the grounds upon which the court's jurisdiction depends * * *"; although she does make " * * * a demand for judgment for the relief to which [s]he deems herself entitled. * * *" All these are required by the general rules of pleading in this Court. See Rules 8(a), (e), Federal Rules of Civil Procedure.

The conclusory statement of the plaintiff, that the conduct of the individual defendants " * * * deprived [the plaintiff's decedent] of his constitutional civil rights * *," does not suffice to state a claim under the provisions of 42 U.S.C. § 1983. There must be the allegation of *facts* which, if accepted as true, would amount to the deprivation by the individual defendants of a right secured to the plaintiff's decedent by the Constitution or laws of the United States, see *Martinez v. California* (1980), 444 U.S. 277, 283–284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488–489[9], when, if so, such decedent was a citizen of the United States and, if so, the defendants were acting under color of a statute or ordinance of a municipality of Tennessee, see *Gomez v. Toledo* (1980), 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572, 577[4]. (These decisions may be *seen* in any adequate law-library.)

If the plaintiff is undertaking to invoke the jurisdiction of this Court for a claimed violation by the individual defendants of her decedent's federal civil-rights, it has original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

"(3) To redress the deprivation, under color of any State law, statute or ordinance * * * of any right, privilege or immunity secured by the Constitution of the United States * * *;

"(4) To recover damages * * * under any Act of Congress providing for the protection of civil rights * * *."

28 U.S.C. § 1343. The allegation of the plaintiff to the contrary in her complaint notwithstanding, 42 U.S.C. § 1983 does not confer jurisdiction; it merely creates a cause of action. See *Hagans v. Lavine* (1974), 415 U.S. 528, 535, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577, 585[5].

All of the defendants are probably entitled to a dismissal of this action now for the failure of the plaintiff to invoke properly this Court's jurisdiction of the subject-matter and to state a claim against any of them on which relief can be granted. See Rules 12(b)(1), (6), (h)(3), Federal Rules of Civil Procedure. See in addition to the decisions

cited hereinabove: *Studen v. Beebe*, C.A. 6th (1978), 588 F.2d 560, 566[4]; *Sullivan v. Brown*, C.A. 6th (1976), 544 F.2d 279, 284[9]; *Baker v. McCollan* (1979), 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443[11, 12]; and *Thacker v. Whitehead*, C.A. 6th (1977), 548 F.2d 634, 636[3, 4]. This creates a problem for the Court.

The faulty exercise by the nominal plaintiff of discretion in the selection of counsel and the ineptness of that counsel in invoking the jurisdiction of this Court and stating a viable claim would now, under normal handling, deprive the plaintiff's beneficiary and perhaps other children who may be proper parties hereto of any and all opportunity to be compensated for the pecuniary value of their father's life. And, if plaintiff's counsel is as unadvised as to the investigation, preparation and presentation of an action for damages for the deprivation of a civil right as in "getting it in" a federal court, the children affected are probably no better-off with the Court's rejecting the pending motions for a dismissal and "leading the attorney by the hand into a federal court."

But, that's the course the undersigned judge of this Court elects to take. If these children are to be accorded their "day in court", it is rather obvious that they must get it through the good offices of a judge; the attorney chosen for them by the plaintiff doesn't hold-out much promise of doing it. If the plaintiff successfully surmounts the obstacles set-forth hereinabove and is able to "get" this action into this Court, then counsel she has selected to represent the interests of the child(ren) involved *must* associate cocounsel who is qualified to represent such child(ren) in a competent manner.

"A lawyer should represent a client competently." Code of Professional Responsibility (C. P. R.), canon 6. " * * * [A] lawyer generally should not accept employment in any area of the law in which he is not qualified. * * * A lawyer offered [and who has accepted] employment in a matter in which he is not * * * qualified, should * * *, with the consent of his client, * * * associate a lawyer who is competent in the matter." C. P. R., EC 6–3.

This Court has " * * * a duty to supervise * * * " the conduct of lawyers as officers of this Court; this is a mandatory duty. *United States v. Anonymous*, D.C. Tenn. (1963), 215 F.Supp. 111, 113[2]. This Court is disturbed, with a child or children involved, by the demonstration thus-far of incompetence and lack of qualification of plaintiff's lawyer(s) in this matter. The Court will take no action presently on the motions pending before it. It expects counsel-of-record for the plaintiff to take the actions indicated by the sense of this memorandum with all deliberate speed.

## ON MOTION FOR DISMISSAL OF CERTAIN DEFENDANTS

The Court has considered the motion of the defendants the City of Morristown and the Morristown Police Department for a dismissal of this action for the failure of the plaintiff to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, in light of the amended complaint herein of May 14, 1981. Such motion has merit as to the latter defendant.

■ The plaintiff seeks to recover damages herein under the provisions of 42 U.S.C. § 1983 for the shooting death of her decedent by a police officer of the defendant municipality.* It is only under limited circumstances, however, that a municipality may be sued successfully under § 1983, *supra*.

In *Monell v. New York Department of Social Services* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, the Supreme Court " * * * held that 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a govern-

---

* Although the complaint names 2 police officers as defendants, only 1 is alleged to have shot the plaintiff's decedent. The only thing the defendant Ms. Rick is alleged to have done is to have confronted the plaintiff's decedent in an effort to enforce the laws of the state of Tennessee. It is difficult to see how that might have deprived any one of his or her civil rights.

**16**

ment's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.' * * * " *Owen v. City of Independence* (1980), 445 U.S. 622, 633, 100 S.Ct. 1398, 1406, 63 L.Ed.2d 673, 682, rehearing denied (1980), 446 U.S. 993, 100 S.Ct. 2979, 64 L.Ed.2d 850; *accord Shamie v. City of Pontiac,* C.A. 6th (1980), 620 F.2d 118, 119–120. This is so because the " * * * Congress did not intend municipalities to be held liable unless action pursuant to an official municipal policy of some nature caused a constitutional tort. * * * " *Monell, supra,* 436 U.S. at 691, 98 S.Ct. at 2036, 56 L.Ed.2d at 636.

The plaintiff alleges that, at the time the defendant Mr. Baxter acted, he was " * * * carrying out the policies, regulations, procedures and/or instructions of the City of Morristown. * * * " Although this allegation is rather vague, the Court is unable to say at this early stage of the proceedings that the plaintiff could prove no set of facts which would entitle her to relief against the municipal defendant. *See Parker v. Turner,* C.A. 6th (1980), 626 F.2d 1, 7[4], n. 17. If the proof should show that such municipality had an official policy or custom under which its police officers went around depriving citizens of their constitutional rights by shooting them, and if the alleged shooting involved herein was done in the execution of such policy or custom, then this action would appear to fall within the parameters of *Monell, supra.* For this reason, the municipal defendant is not entitled to a dismissal of the claim against it at this time.

■ A different situation exists with respect to the defendant police department. Obviously, a city police department is not a municipality. Instead, it is a municipal agency or department and, as such, would not appear to be covered by the limited holding of *Monell, supra,* which deals exclusively with municipalities. Nothing in *Monell, supra,* purports to change the rule that a municipal police department, in contract to the municipality itself, is not an entity suable under 42 U.S.C. § 1983. *See Canty v. City of Richmond,* D.C.Va. (1974), 383 F.Supp. 1396, 1400[13]; *White v. Flemming,* D.C.Wis. (1974), 374 F.Supp. 267, 269[1].

The motion of the aforenamed defendants hereby is GRANTED as to the defendant the Morristown Police Department, but hereby is DENIED as to the defendant the City of Morristown. As to the defendant police department, this action hereby is DISMISSED for the failure of the plaintiff to state a claim against it upon which relief can be granted.

The plaintiff will show within 10 days herefrom any cause why the Court should not grant the motion of the defendants herein of March 6, 1981 to require the joinder of certain persons as parties-plaintiff herein.

## ON FURTHER MOTION TO DISMISS

■ The complaint herein alleges no conduct whatsoever on the part of the defendant Ms. Dorothy Rick which might have deprived the plaintiff's decedent of any right secured to him by the Constitution or laws of the United States. *See* memorandum opinion and order herein of May 22, 1981, n. Accordingly, the motion of such defendant for a dismissal of the claim against her for the failure of the plaintiff to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, hereby is GRANTED, and as to the defendant Ms. Dorothy Rick this action hereby is DISMISSED. *See Coffy v. Multi-County Narcotics Bureau,* C.A. 6th (1979), 600 F.2d 570, 580[11].

■ The extent to which the cause of action asserted in this civil rights action survives the death of the plaintiff's decedent must be determined by the law of Tennessee. *Hall v. Wooten,* C.A. 6th (1974), 506 F.2d 564, 566[2]; *see Robertson v. Wegmann* (1978), 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554. It appears undisputed herein that, upon his death, Mr. Claude Earl Mason left no widow but was survived by 3 minor children: James Earl Mason, Crystal

Dawn Mason, and Jamie Lynn Mason. Under the provisions of T.C.A. §§ 20–5–106(a), 20–5–107, these children possess jointly any right-of-action against the remaining defendant herein for the wrongful death of their father. *See Jamison v. Memphis Transit Management Company,* C.A. 6th (1967), 381 F.2d 670, 676. The 2 surviving children, who are not represented herein, are indispensable and their joinder is required under Rule 19(a), Federal Rules of Civil Procedure. *Idem.*

Accordingly, it is hereby ORDERED that Judy Mason, as mother and next-of-friend of Crystal Dawn Mason and Jamie Lynn Mason, both minors, be made a party plaintiff herein in such representative capacity. Rule 19(a), *supra.* The clerk will serve by postal service (certified mail with a return receipt requested) a copy of this order and a copy of the amended complaint herein on J. Randell Shelton, Esq. of Morristown, Tennessee, whom, it appears, is counsel of record for Mrs. Mason in an action filed in a state court arising out of the incident involved herein.

Such Mrs. Mason is allowed 20 days herefrom within which to join this action as a party plaintiff by filing and serving a complaint. Upon the failure of a complaint to be so filed, the Court will consider whether Mrs. Mason should be made a defendant or involuntary plaintiff, Rule 19(a), *supra,* or whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, Rule 19(b), Federal Rules of Civil Procedure. *Cf. Jamison v. Memphis Transit Management Company, supra,* 381 F.2d at 676–677.

## ON CONCESSION OF DISMISSAL

It being conceded by the plaintiffs Mr. James Mason and Mrs. Beulah Mason that the magistrate correctly recommended that the Court dismiss their claims herein, such recommendation hereby is ACCEPTED. 28 U.S.C. § 636(b)(1). For the reasons stated by the magistrate, the motion of the defendants for a dismissal of the aforementioned claims hereby is GRANTED, and the claims herein of the plaintiffs Mr. James Mason and Mrs. Beulah Mason hereby are DISMISSED for their failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

## STIPULATION OF DISMISSAL

It hereby is stipulated by all parties hereto who have appeared in this action that this action is not subject to the provisions of Rules 23(e), 66, Federal Rules of Civil Procedure or of any statute of the United States.

This action is dismissed by the plaintiffs without prejudice, Rule 41(a)(1)(ii), Federal Rules of Civil Procedure.