785 F.Supp. 644 (1992)
Paul S. DAMRON, Plaintiff,
v.
Police Officer D. PFANNES, Police Officer H. Misener, Police Officer Ridener, Police Officer Borish, Police Officers John Does, City of Westland, Westland Chief of Police, and City of Westland Police Department, Defendants.
No. 91-70967.
United States District Court, E.D. Michigan, S.D.
February 28, 1992.
James F. Schouman, James F. Schouman and Associates, Dearborn, Mich., for plaintiff.
*645 Edward E. Salah, Cummings McClorey, Livonia, Mich., for defendants.
OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT
GADOLA, District Judge.
Plaintiff Paul S. Damron filed his complaint in Wayne County Circuit Court against defendants officers D. Pfannes, H. Misener, Ridener, Borisch and certain unidentified officers [collectively "Officers"], the City of Westland ["Westland"], the Westland Police Department [the "Department"] and the Westland Chief of Police [the "Chief"], claiming violations of his civil rights pursuant to 42 U.S.C. § 1983 and state law. Defendants filed a notice of removal March 5, 1991. This court remanded all the state law claims contained in plaintiff's complaint by order dated March 21, 1991.
All defendants except the Chief have joined in the instant motion to dismiss and/or for summary judgment filed January 17, 1992. Plaintiff has failed to file a timely response pursuant to LR 7.1(c) (E.D.Mich. Jan. 1, 1992). The following facts are taken from the complaint and defendants' brief in support.

FACTS
On or about May 29, 1990. Westland police officers were dispatched to plaintiff's premises to assist the fire department in extinguishing a fire started by plaintiff. In violation of a Westland ordinance, plaintiff was burning trash on his premises. According to defendants, when the Officers informed plaintiff that they were going to write plaintiff a citation for violating the city's ordinance, plaintiff became upset and refused to cooperate. Plaintiff refused to give his identification to the Officers when requested to do so. Plaintiff was then told that he was under arrest for open burning and hindering the Officers in their investigation. Defendants allege that plaintiff resisted the Officers' attempt to take him into custody and in the process tripped and fell backwards over a railroad tie. Plaintiff claims that the Officers used excessive force in arresting him by shoving plaintiff over a railroad tie, grabbing plaintiff and throwing him on his back, handcuffing him and repeatedly jerking and dragging plaintiff on the ground toward the police squad car.
Plaintiff's complaint also refers to an incident on February 8, 1989, when Westland police officers went to his house and put impound stickers on several trucks illegally parked in his house [sic]. The vehicles were unlicensed. Plaintiff claims that the Officers "knocked Plaintiff to the ground, handcuffed the Plaintiff and then repeatedly pushed the Plaintiff against a dump truck, and kept Plaintiff in back [sic] of police car, handcuffed, for several hours."

STANDARDS OF REVIEW
Upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) all allegations in the complaint are to be accepted as true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); United States v. Mississippi, 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965). The court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984); Great Lakes Steel v. Deggendorf, 716 F.2d 1101, 1105 (6th Cir.1983). The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Lee v. Western Reserve Psychiatric Habilitation Ctr., 747 F.2d 1062, 1065 (6th Cir.1984).
Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, *646 show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is `material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (Citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); Bender v. Southland Corp., 749 F.2d 1205, 1210-11 (6th Cir.1984).
The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by `showing'that is, pointing out to the district courtthat there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); Gregg, 801 F.2d at 861.
To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),
There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.
(Citations omitted); See Catrett, 477 U.S. at 322-23, 106 S.Ct. at 2552-53; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). Anderson, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F.Supp. 214, 217 (E.D.Mich.1990), aff'd, 929 F.2d 701 (6th Cir.1991).

ANALYSIS
In their motion, defendants argue that (1) the Department is not a proper party defendant, (2) plaintiff has failed to state a valid 42 U.S.C. § 1983 claim against Westland and (3) plaintiff has failed to state a valid 42 U.S.C. § 1983 claim against the defendant Officers. These arguments will be addressed in order.
First, defendants state that because plaintiff has named Westland as a defendant, they need not and can not name the Department as a defendant. This court agrees. A municipal police department is not a legal entity separate from its parent city. See Waller v. Butkovich, 584 F.Supp. 909, 925 (M.D.N.C.1984); Williams v. Baxter, 536 F.Supp. 13, 16 (E.D.Tenn.1981); Hilliard v. New Jersey Army Nat'l Guard, 527 F.Supp. 405, 408 (D.N.J.1981); Moomey v. City of Holland, 490 F.Supp. 188, 190 (W.D.Mich.1980). To name the Department as a separate defendant is redundant.
Second, defendants assert that plaintiff has failed to state a valid 42 U.S.C. § 1983 claim against Westland. In Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme *647 Court held that a municipality cannot be held liable under a theory of respondeat superior for the actions of its employees. However, a municipality
can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.
Id. at 690, 98 S.Ct. at 2035-36. Thus, section 1983 municipal liability may be imposed when the enforcement of a municipal policy or custom was "the moving force" of the violation of federally protected rights. City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 1203-06, 103 L.Ed.2d 412 (1989) ("direct causal link"; "closely related"; "actually caused"); Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981).
Plaintiff alleges in his complaint that Westland is "the employer[] of [] police officers[] Pfannes, Misener and John Does, and as such, are liable for said conduct under the Doctrine of Respondeat Superior." Complaint at paras. 8 & 14. However, these invocations of respondeat superior are contained in the state law counts remanded to Wayne County Circuit Court by this court's March 21, 1991 order of partial remand. Plaintiff's complaint does not specifically allege that he has chosen to proceed exclusively on his section 1983 claims under the doctrine of respondeat superior, and this court will not so limit his complaint.
However, plaintiff has failed to allege any municipal custom or policy that was "the moving force" behind the alleged violations. As the Sixth Circuit has stated,
the complainant must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy. Plaintiff must, of course, prove that the injury was caused by city policy.
Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir.1987); Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir.1984) (en banc), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985). Absent any showing of a municipal custom or policy, plaintiff cannot avoid summary judgment. Foster v. Walsh, 864 F.2d 416, 419 (6th Cir.1988). Therefore, the complaint must be dismissed against defendant City of Westland.
Third, defendants argue that plaintiff has failed to state a valid 42 U.S.C. § 1983 claim against the defendant Officers. In order for plaintiff to establish a claim under section 1983, he must prove that (1) the Officers were acting under color of state law and (2) plaintiff was deprived of rights secured by the constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); Flagg Bros. v. Brooks, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 1732-34, 56 L.Ed.2d 185 (1978). Defendants do not dispute that the Officers were acting under color of state law. Defendants do dispute that plaintiff was deprived of his rights under the constitution and federal laws.
Plaintiff has claimed that the Officers used excessive force in arresting him. A claim of excessive force must be analyzed under the fourth amendment "reasonableness" standard and not under the "substantive due process" approach. Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). Plaintiff must show that the force used by the Officers exceeded the force reasonably necessary to place him in custody. Plaintiff has failed to come forth with any evidence that any kind of melee occurred during his arrest. "[T]he burden on the moving party may be discharged by `showing'that is, pointing out to the district courtthat there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S.Ct. at 2554. Plaintiff has failed to provide this court with any affidavits or other probative evidence beyond mere accusations that any deprivation of rights occurred. Plaintiff "must do more than raise some doubt as to the existence of a fact; [plaintiff] must produce evidence that would be sufficient to require submission to the jury of the *648 dispute over the fact." Lucas, 738 F.Supp. at 217.
Further, it is unlikely that physical exertion alone in arresting plaintiff would amount to excessive force. The Supreme Court has recognized that the right to make an arrest necessarily carries with it the right to use some degree of force or physical coercion. Graham, 490 U.S. at 396-97, 109 S.Ct. at 1871-72. Not every push or shove by an officer on the scene of an arrest violates the fourth amendment. Id. Additionally, because defendants argue that plaintiff was resisting arrest, the force that defendants have alleged to have taken place was reasonably necessary under the circumstances.

ORDER
For the foregoing reasons, it is hereby ORDERED that defendants' motion to dismiss and/or for summary judgment is GRANTED.
SO ORDERED.