# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

WILLIAM F. CUZICK, )
          )
      Plaintiff/Appellant, ) Tipton Circuit No. 4837
          )
VS. ) Appeal No. 02A01-9809-CV-00244
          )
SGT. CAVAT BASS, COVINGTON )
POLICE DEPARTMENT, et al, )
          )
      Defendants/Appellees. )

FILED

March 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF TIPTON COUNTY
AT COVINGTON, TENNESSEE
THE HONORABLE JOE H. WALKER, JUDGE

**WILLIAM F. CUZICK, pro se**
Poplarville, Mississippi

**EDWARD J. McKENNEY, JR**
**HANOVER, WALSH, JALENAK & BLAIR, PLLC**
Memphis, Tennessee
Attorney for Appellees

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

      William F. Cuzick ("Cuzick" or Appellant") appeals the judgment of the trial court

granting the Motion to Dismiss of Sgt. Cavat Bass ("Sgt. Bass" or "Appellee") and Covington Police Department ("Covington PD" or "Appellee").

## I. Factual and Procedural History

On October 6, 1997, in Covington, Tennessee, Cuzick was stopped by a citizen and held by that citizen at gun point until police arrived at the scene. Cuzick was arrested by Sgt. Bass of the Covington Police Department, and charged with burglary and possession of burglary tools. At the scene, Sgt. Bass asked Cuzick how he came into town. Cuzick informed Sgt. Bass that he had driven his car. Sgt. Bass then asked for the car keys and inquired where the car was parked. Cuzick responded that the keys were in his pocket and his car was legally parked on Washington Street, approximately two blocks from the scene.

Cuzick's automobile was then searched and a number of old coins were removed from the car and inventoried. Sgt. Bass ordered the car towed to a private lot by H & H Towing and Automotive. Sgt. Bass and the Covington PD allege that they had probable cause to search Cuzick and his vehicle and also allege that Cuzick consented to the search. Cuzick contends that he gave no such consent and inasmuch as his car was legally parked two blocks away from the scene, the officers should have obtained a search warrant before executing a search and seizure of the car.

This action was commenced by Cuzick, pro se, in an attempt to obtain the return of his vehicle and certain items of property which Cuzick claimed to be in the car before the search and seizure of the vehicle, to wit: one (1) Citizen wristwatch, and one (1) one-carat diamond ring. Cuzick titled his complaint "Writ of Replevin" and sought the return of such property. In his complaint, Cuzick also alleged that Appellees violated his Fifth[1] and

---

[1] In his complaint, Cuzick states that the police were not in hot pursuit of Cuzick, the car was parked several hundred feet away, the car was not going anywhere, Cuzick had already been searched, Sgt. Bass had obtained Cuzick's keys to car, and "therefore Bass should have followed proper procedure and obtained a search warrant before entering the car. Defendant's action violates the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Tennessee." Based upon Cuzick's statements in the complaint that the car was improperly searched and seized, we will assume that Cuzick intended to allege that his Fourth Amendment rights were violated, rather than his Fifth Amendment rights. There are no allegations made in the complaint which support a Fifth Amendment claim.

Fourteenth Amendment rights by searching and seizing his car without first obtaining a search warrant. Cuzick's complaint prayed for the release of the vehicle at no cost to Cuzick, sanctions against Sgt. Bass and Covington PD for violating Cuzick's constitutional rights, and the return of all personal property seized in the search of the vehicle.

While Cuzick's car was in the possession of H&H Towing and Automotive, a finance company having a lien on the automobile repossessed the automobile and removed it from H&H Towing's premises. Cuzick was released from the Tipton County jail on July 11, 1998. At that time, all inventoried items belonging to Cuzick which were in the possession of the City of Covington were returned to Cuzick, to wit, the old coins and several tools. The Citizen wristwatch and the one-carat diamond ring which Cuzick claimed to be in the vehicle prior to the search and seizure, were not inventoried by the Covington PD and were not returned to Cuzick with the other items.

On April 14, 1998, Cuzick filed a Motion for Judgment. Cuzick further filed Motion to Amend Complaint and Joinder of Defendants on May 28, 1998, in which he sought to join H&H Towing and Automotive, and sought damages in the amount of $150,000.00 actual damages and $100,000.00 punitive damages. On July 2, 1998, Appellees filed Motion to Dismiss or, In The Alternative, For Summary Judgment. Appellees attached a Memorandum in Support of This Motion, along with the transcript of portions of Cuzick's deposition testimony, an Affidavit from Sgt. Bass, and a copy of the inventory sheet of Cuzick's seized property.

On July 14, 1998, the court entered an order granting Appellee's motion to dismiss, and adopting the legal analysis set forth in the memorandum in support of the motion to dismiss. On August 7, 1998 Cuzick filed a notice of appeal and requested a finding of fact. The trial court made the following pertinent findings of fact:

> Plaintiff now complains about the illegal search of his vehicle, towing his vehicle, and confiscation of personal property, which were intentional acts by defendants.
>
> The court finds that the Covington Police Department is not a municipality, nor is it an entity separately incorporated by the

3

City of Covington. It is a municipal department, and not subject to suit.

The claim against Sergeant Bass is a complaint against him in his official capacity, which is considered to be a suit against the City of Covington. The acts of towing his vehicle and subjecting his property to seizure during the time he is incarcerated are barred by T.C.A. 29-20-205.

Further, plaintiff is not entitled to damages for the return of seized property. . . . Plaintiff's claim for the return of his car and the items stored therein should be properly addressed to the finance company that repossessed plaintiff's car, and is given a notice of foreclosure proceeding due to failure to make payments. Further, it has been undisputed that those items inventoried that belonged to Plaintiff will be returned to Plaintiff upon his release from jail.

## II. Standard of Review

Both parties in this matter have addressed the court's ruling under the standard of review for summary judgment. Upon a careful review of the trial court's order and findings of fact, we find that matters outside the pleadings were presented to and not excluded by the trial court. The memorandum of law in support of Appellee's Motion to Dismiss or, In the Alternative, For Summary Judgment, which was adopted by the court in dismissing Cuzick's complaint, contained many arguments based upon matters outside the pleadings. Furthermore, in its findings of fact, the trial court noted that the acts allegedly taken by Appellees were intentional acts, a fact which is supported only in Cuzick's deposition testimony. Therefore, this case was treated as one for summary judgment and we shall use the standard of review applicable to summary judgments.

Summary judgment is to be rendered by a trial court only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," Tenn. R. Civ. P. 56.03 (1984). In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. Graves v. Anchor Wire

4

Corp. of Tennessee, 692 S.W.2d 420 (Tenn. App. 1985); Bennett v. Mid-South Terminals Corp., 660 S.W.2d 799 (Tenn. App. 1983).

When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. Byrd v. Hall, 847 S.W.2d 208, 215 (Tenn. 1993).

In appeals from grants of summary judgment, the Court of Appeals must decide whether the court below correctly applied Rule 56.03 and in so doing, the Court must make an entirely fresh determination because only questions of law are presented; no presumption of correctness accompanies the trial court's decision. Hill v. Chattanooga, 533 S.W.2d 311(Tenn. App. 1975).

## III. Replevin Action

Cuzick filed a replevin action to recover his vehicle and property which he alleged to be missing from his vehicle. In his complaint Cuzick claimed that his rights under the United States Constitution and the Tennessee Constitution were violated.

While Cuzick's vehicle was impounded, the vehicle was repossessed by a finance company which held a lien on the vehicle. Any claim for the return of the vehicle should be properly addressed to the finance company that repossessed it.

As to the personal property Cuzick seeks to recover from the officers, Cuzick has not presented any significant probative evidence in support of his complaint to defeat a motion for summary judgment. Cuzick claims that a Citizen watch and a diamond ring were in the vehicle prior to the search of the vehicle. These items were not inventoried by Sgt. Bass and have not been recovered by Cuzick.

In his affidavit, Sgt. Bass states that the property which was seized in the process of arresting Cuzick was inventoried. In fact, Cuzick himself admitted in his deposition testimony that he has no personal knowledge that Sgt. Bass or anyone with the Covington Police Department took his personal property. Cuzick admitted in his deposition testimony that the wrecking yard also had access to his car after it was towed. Furthermore, as Cuzick has not recovered the vehicle from the finance company, he is without knowledge that the claimed property was ever removed from the vehicle at all. It is possible, albeit unlikely, that the missing property items remain with the vehicle.

Summary judgment was proper as to Cuzick's replevin action for the return of his vehicle and personal property items.

## IV. State Law Claims

Cuzick's complaint alleges a violation of his rights under the Tennessee Constitution, specifically, the equal protection clause. However, it appears from the allegations in Cuzick's complaint that his claim would more appropriately fall under Article 1, Section 7 of the Tennessee Constitution.

> **Sec. 7, Unreasonable searches and seizures - General warrants.-** That the people shall be secure in their persons, houses, papers, and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not be granted.

To the extent that Cuzick seeks the return of his property as recourse for a violation of this constitutional right, summary judgment is proper for the reasons stated in the replevin discussion above. Cuzick also seeks damages for a violation of this constitutional right. This court knows of no authority for the recovery of damages for a violation of Article 1, Section 7 of the Tennessee Constitution. Accordingly, this Court need not address the constitutionality of the search and seizure of Cuzick's vehicle and the belongings therein.

6

To the extent that Cuzick's complaint can be construed to allege other state law claims, they too must fail. This suit against Sgt. Bass did not name Sgt. Bass in his individual capacity. Therefore, the suit against Sgt. Bass is treated as an "official capacity" suit. A suit against a state official in his official capacity is a suit against the state. Cox v. State 399 S.W.2d 776, 778. Similarly, a suit brought against a police official may be actionable against the city or county for which the police official acts. Timberlake v. Benton, 786 F. Supp. 676, 683 (M.D. Tenn. 1992). See, e.g., Monell v. Department of Social Services 436 U.S. 658, 690, 98 S.Ct. 2018, 2036 (1978) (suit brought nominally against official of city's department of social services is actionable suit against city itself); Brandon v. Holt, 469 U.S. 464, 471-72, 105 S.Ct. 873, 877-78 (1985) (suit brought against "Director of Police, City of Memphis" is suit against city itself); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1242 n.1 (6th Cir. 1989), cert denied 495 U.S. 932 (1990) (suit against county sheriff essentially suit against county itself). Therefore, the complaint against Sgt. Bass is treated as a complaint against the City of Covington.

The City of Covington and the Covington PD are governmental entities which are entitled to immunity under Tennessee's Governmental Tort Liability Act (hereinafter GTLA). The GTLA provides in pertinent part:

> **§29-20-201 General rule of immunity from suit - Exception.** - (a). Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

Section 29-20-205 involves a general removal of immunity for injury caused by negligent acts or omissions of employees with some exceptions. Immunity is restored for injury arising in various ways including civil rights claims. Claims involving allegedly intentional acts fall within the purview of the act and are barred.

In his deposition testimony, Cuzick stated that the actions taken by Sgt. Bass in searching and seizing his vehicle and the property therein were intentional acts. As the City of Covington and the Covington PD are generally immune from suit for the intentional acts

7

of their employees pursuant to the GTLA, summary judgment was proper as to Cuzick's state law claims.

## V. Federal Civil Rights Claims

Cuzick seeks to recover against the City of Covington[2] and the Covington PD under the provisions of 42 U.S.C. §1983 for the allegedly wrongful search and seizure of his vehicle and belongings. To prove a claim under 42 U.S.C. §1983, Cuzick must establish: 1) That he was deprived of a right secured by the Constitution or the laws of the United States, and 2) that he was subjected to or caused to be subjected to this deprivation by a person acting under color of State law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 158, 98 S.Ct. 1729, 1734 (1978). While municipalities are "persons" subject to suit under §1983, it is only under limited circumstance that a municipality may be sued successfully under §1983.

We will first address the propriety of Cuzick's §1983 claims against the Covington PD.  Covington PD, in contrast to the city itself, is not an entity suable under the Civil Rights Act. Williams v. Baxter, 536 F. Supp. 13, 16 (E.D. Tenn. 1981). *See also* Damron v. Pfannes, 785 F. Supp. 644, 646 (E.D.Mich.1992) (a municipal police department is not a legal entity separate from its parent city); Timberlake v. Benton, 786 F. Supp. 676 (M.D. Tenn. 1992) (drug task force was not a "person" for purposes of §1983); Pierre v. Schlemmer, 932 F. Supp. 278 (M.D. Florida 1996) (police department not legal entity subject to suit under §1983). Therefore summary judgment was proper as to all §1983 claims against Covington PD.

With respect to Cuzick's §1983 claims against the City of Covington, Cuzick must show that the execution of the city's policy or custom inflicted the injury.[3] Monell v. New

---

[2]As explained in our discussion of Cuzick's state law claims, the suit against Sgt. Bass is in his "official capacity" and, as such, is a suit against the City of Covington.

[3] Because the real party in interest in an official capacity suit is the governmental entity and not the named official, the entity's "policy or custom" must have played a part in the violation of federal law. Hafer v. Melo, 502 U.S. 21, 24, 112 S.Ct. 358, 361 (1991) (citing Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985)).

York City Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978). A local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983. Monell, 436 U.S. at 694, 98 S.Ct. at 2037. This is so because the " . . . Congress did not intend municipalities to be held liable unless action pursuant to an official municipal policy of some nature caused the constitutional tort." Monell, 436 U.S. at 691, 98 S.Ct. at 2036. Before a custom can be the basis for a civil rights violation, the custom must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. at 690, 98 S.Ct. 2035.

To satisfy the Monell requirements, a plaintiff must: 1) identify the policy; 2) connect the policy to the city itself; and 3) show that the particular injury was incurred because of the execution of that policy. Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir. 1987). In the present case, Cuzick did not allege that his injury was inflicted by the policy or custom of the City of Covington. In Cuzick's deposition testimony, Cuzick admitted that he has no knowledge of the city's policy or customs. Cuzick admitted that he had no personal knowledge of the City's policy regarding searching vehicles or seizing property or towing vehicles. Proof of wrongful conduct by a single officer is not sufficient to establish liability under Monell, unless proof of the incident includes proof that it was caused by an existing policy maker. Otherwise the existence of the municipal policy and its origins must be separately proved. City of Oklahoma v. Tuttle, 471 U.S. 808, 824, 105 S.Ct. 2427, 2437 (1985); Bills v. Aseltine, 958 F.2d 697, 708 (6th Cir. 1992).

Although not raised in his original complaint, Cuzick alleges, in his response to Defendant's motion to dismiss, that his injuries were sustained due to inadequate training of Sgt. Bass. A municipality can be liable under §1983 for constitutional violations resulting from its failure to train municipal employees. City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204 (1989). However, inadequacy of police training may serve as the

9

basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Canton, 489 U.S. at 388, 109 S.Ct. at 1204. "Only where a municipality's failure to train its employees in a relevant aspect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under §1983." Id.

The issue in a case like this is whether the training program of the City of Covington is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent "city policy." Canton 489 U.S. at 389, 109 S.Ct. at 1205. As the Supreme Court stated in Canton:

> In resolving the issue of a city's liability, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. [It] may be, for example, that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

Canton, 489 U.S. at 391, 109 S.Ct. at 1205.

Cuzick admitted in his deposition testimony that he is aware of no evidence that the training program required by the City of Covington for its officers is inadequate to the tasks that officers must perform or that the City was aware of the need for additional or different training. Cuzick has neither alleged in his complaint nor presented any evidence in response to the motion for summary judgment that the City of Covington had a custom or policy of allowing its officers illegally to search vehicles, tow vehicles or seize property or that the City of Covington was indifferent to such actions. Cuzick admits he has no knowledge of any such custom or policy or any complaint which was ignored by the city.

10

As Cuzick failed to present any evidence that a policy or custom of the City of Covington resulted in a violation of his constitutional rights, summary judgment was proper as to all §1983 claims against the City of Covington.

## VI. Conclusion

The judgment of the trial court is hereby affirmed. Costs of this appeal are taxed to Cuzick, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
LILLARD, J.

11